UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD CANTILLO, <br><br>                     Plaintiff, <br><br>         -against- <br><br> DEPT OF CORRECTIONS; COMMISSIONER OF DEPT OF CORRECTION LOUIS MELINA; NYC COMPTROLLER – BRAD LANDER, <br><br>                   Defendants. | 1:24-CV-5277 (LTS) <br><br> ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Richard Cantillo, who was, at the time of filing, held in the West Facility on Rikers Island, brings this action *pro se*, asserting that the defendants have violated his federal and state constitutional rights, and seeking damages. Plaintiff sues: (1) "Dept of Corrections," which the Court understands to be the New York City Department of Correction ("NYCDOC"); (2) the current Commissioner of the New York City Department of Citywide Administrative Services and the former NYCDOC Commissioner, Louis Molina; and (3) the New York City Comptroller, Brad Lander. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated July 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

2

separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

*Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint: On June 27, 2024, while Plaintiff was

held as a pretrial detainee in the West Facility, correction officers assigned to that facility

conducted a strip search of him. Plaintiff asserts that correction officers "aren't suppose[d] to do

strip searches because they have been outlawed as degrading and immoral." (ECF 1, at 3.) While

the correction officers were conducting the strip search of Plaintiff, they also discarded items that

Plaintiff had purchased at that facility's commissary. The correction officers laughed at Plaintiff

while he was standing naked.

## DISCUSSION

### A.    NYCDOC

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the NYCDOC.

The NYCDOC is an agency of the City of New York and is not a separate entity that can be sued.

N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for

the violation of any law shall be brought in the name of the city of New York and not in that of

any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d

76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395

(S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The

Court therefore dismisses Plaintiff's claims against the NYCDOC for failure to state a claim on

which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se*

status and the legal requirement that the claims be asserted against the City, however, the Court

understands and will treat those claims as brought against the City of New York.

Plaintiff's complaint does not allege facts sufficient to state a viable claim under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has not alleged anything about a policy, custom, or practice of the City of New York, including any involving the strip searches of pretrial detainees, or any facts sufficient to show that such a policy, custom, or practice caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York, and the Court dismisses those claims for that reason. *See* § 1915(e)(2)(B)(ii). Because Plaintiff is appearing *pro se*, however, the Court grants him leave to file an amended complaint in which he names the City of New York as a defendant and alleges facts sufficient to state a claim under Section 1983 against the City of New York.

**B.    Strip search**

The Court construes Plaintiff's allegations about being strip searched while he was a pretrial detainee as claims under Section 1983 that he was unreasonably searched in violation of the Fourth Amendment. The protections of the Fourth Amendment "extend to [convicted] prisoners and pretrial detainees." *Holland v. City of New York*, 197 F. Supp. 3d 529, 542 (S.D.N.Y. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)). "Regardless of who performs the search, a visual body cavity search . . . is invasive: 'A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of that person's body, is a serious invasion of privacy.'" *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016) (quoting *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 344-345 (2012) (Breyer, J., dissenting)). Thus, such searches must be conducted pursuant to a jail or prison policy and must be reasonably related to a "legitimate penological justification." *Murphy v. Hughson*, 82 F.4th 177, 185-86 (2d Cir. 2023). Determining reasonableness "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell*, 441 U.S. at 559. A search is unconstitutional under the Fourth Amendment "if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish." *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006) (citing *Covino v. Patrissi*, 967 F.2d 73, 80 (2d Cir. 1992)); *see also George v. City of New York*, Nos. 12-CV-6365, 13-CV-3511, 13-CV-3514 (PKC) (JLC), 2013 WL 5943206, at *7-8 (S.D.N.Y. Nov. 6, 2013) (where prisoners alleged that strip searches were performed to humiliate and to "make a spectacle" of them, they adequately pleaded a Fourth Amendment claim (internal quotation mark omitted)).

Plaintiff's allegations are unclear as to the manner of the strip search, its scope, its justification, where in the West Facility it was conducted, and whether it was performed to humiliate or degrade him. Plaintiff thus fails to state a claim on which relief may be granted as to his claims, under Section 1983, of Fourth Amendment violations arising from the alleged strip search, and the Court dismisses those claims for that reason. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state such a claim.

## C.    Personal involvement

The Court must also dismiss Plaintiff's clams under Section 1983 against the individual defendants, Molina and Lander. To state a claim under Section 1983, a plaintiff must allege facts showing the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges no facts showing how the named individual defendants, Molina and Lander, were directly and personally involved with the alleged violations of his federal constitutional rights, including with respect to the alleged strip search. The Court therefore dismisses Plaintiff's claims under Section 1983 against these defendants for failure to state

claims on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants

Plaintiff leave to file an amended complaint in which he names as defendants those individuals

who were directly and personally involved with the alleged violations of his federal

constitutional rights and alleges facts in support of their direct and personal involvement.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of

Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se*

complaint] without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983

and under state law, the Court grants Plaintiff 60 days' leave to file an amended complaint to

detail his claims, as specified above.

The Court grants Plaintiff leave to file an amended complaint providng more facts about

his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of

claim those individuals who were allegedly personally and directly involved in the deprivations

of his federally protected rights. If Plaintiff does not know the name of a defendant, he may refer

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended

complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the

three-year statute of limitations period governing Plaintiff's claims under Section 1983, and

Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe"

defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe"

defendants before the statute of limitations period expires. Should Plaintiff seek to add a new

claim or party after the statute of limitations period has expired, he must meet the requirements

of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff

should include all of the information in the amended complaint that he wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2024, at Sullivan Correctional Facility, during the 7 a.m. to 3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when ,and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-5277 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    October 25, 2024
               New York, New York

                            /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                        Chief United States District Judge